# TURNER *Law Firm, LLC*

76 South Orange Avenue • P.O. Box 526 • South Orange, NJ 07079-0526   **973.763.5000**   973.763.0568 *fax*

April 12, 2019

Hon. John K. Sherwood
U.S. Bankruptcy Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street - 3rd Floor
Newark, New Jersey 07102

    Re:  In re New England Motor Freight, Inc., et al
           Case No. 19-12809 (JKS)

    Re:  In re New England Motor Freight, Inc., et al
    vs:  Parties Listed on Exhibit A to the Complaint
           and John Does 1-100
           Adv. Pro. No. 19-1119 (JKS)
           **Motion list - 04/16/2019**

Dear Judge Sherwood:

Kindly accept this short letter-brief in support of Protective Insurance Company's ("Protective") motion to intervene in the above adversary proceeding.

In light of the compressed time frame for hearing, the brief is limited to the issue of intervention and expressly incorporates the certification of Donald L. Kobak, Jr., who is Protective's Director of Claims.

Protective agrees with Debtors' assertion of jurisdiction and this Court's authority to rule on the relief requested.

Hon. John K. Sherwood
In re New England Motor Freight, et al
April 12, 2019
Page 2

Protective contends relief to intervene should be granted as of right or, alternatively, through permissive intervention. See, F.R.C.P. 24 (applicable to the Bankruptcy Code by Bankr. Rule 7024).

Intervention of right requires an applicant to establish the motion is timely, there is sufficient interest in the litigation which interest may be affected or impaired as a practical matter by the disposition of the action, and the interest is not adequately represented by an existing party in the litigation. See, Harris v. Pernsley, 820 F2d 592, 596 (3d Cir. 1987) [additional citations omitted]. Timeliness of a motion to intervene is also determined from all of the circumstances of the case. NAACP v. New York, 413 U.S. 345, 366 (1973).

In the Third Circuit, courts consider three factors for determining whether an application to intervene is timely which include stage of the proceeding, prejudice that delay may cause to the parties, and reason for delay (if any). Mountaintop Condominium Association v. Dave Stabbert Master Builder Inc., 72 F3d 361, 369 (3d Cir. 1995).

Hon. John K. Sherwood
In re New England Motor Freight, et al
April 12, 2019
Page 3

Protective submits its application is timely since this adversary proceeding is at its earliest stage. The complaint was filed March 14, 2019, and the motion to intervene is being filed before the first hearing date. Since the adversary proceeding in its infancy, there is no prejudice or delay occasioned by permitting Protective to intervene.

More importantly, Protective it is an essential party for relief.

As discussed more completely below and the accompanying certification of Donald L. Kobak, Jr. ("Kobak Cert."), Protective should be granted intervention of right. The Court should find Protective's motion is timely and its interests relating to the matters at issue are so situated that disposing of the adversary complaint may, as a practical matter, impair or impede Protective's ability to protect its interests. F.R.C.P. 24(a)(2).

Debtors operated effectively as self-insured entities prior to bankruptcy. Kobak Cert., para. 7. Under the self-retention provisions, Debtors are obligated to pay the first $500,000.00 in damages, fees, and costs under the self-retention agreement. Kobak Cert., paras. 7 and 16.

Hon. John K. Sherwood
In re New England Motor Freight, et al
April 12, 2019
Page 4

Importantly, the excess indemnity contract issued by Protective is triggered only after the $500,000.00 self-insured retention claim has been exhausted and paid by the Debtors. Kobak Cert., para. 17.

Prior to bankruptcy, the Debtors had primary responsibility for overseeing claims and litigation. Kobak Cert., para. 7. The Debtors employed General Counsel and claims analysts. Kobak Cert., para. 9. Although Protective was generally aware of certain claims and litigation, it was generally relegated to a monitoring role until the first $500,000.00 in damages, fees, and costs were paid by the Debtors. Kobak Cert., para. 7. Many claims did not threaten Debtors' self-retention, payment threshold, and Protective was not notified of the same. Kobak Cert., para. 8.

Since the Debtors' bankruptcy filings, Protective will need to take a much more active role in the administration of claims. Kobak Cert., para. 10. The change is substantial; it ha only just begun. Kobak Cert., para. 11.

Protective also seeks to intervene in the present lawsuit so it can assert positions seeking orderly disposition with regard to claims. As importantly, substantial resources and assets would be

Hon. John K. Sherwood
In re New England Motor Freight, et al
April 12, 2019
Page 5

diminished if Protective needs to respond to multiple applications for relief from stay as many claims in litigation exist in various states of readiness. Moreover, piecemeal litigation or relief from stay could negatively impact final claims against the Debtors' estate.

At this juncture, Protective does not have a complete analysis of potential claims or their impact on letters of credit and it is possible there will not be enough collateral to satisfy Debtors' obligations. Kobak Cert., para. 21. Therefore, temporary extension of the stay is warranted.

It is also significant to note the distinctions between the letters of credit collateral (benefitting the Debtors) and surety bonds mandated to secure minimum public financial responsibility under federal law. Kobak Cert., paras. 22-24. The bonds are simply intended to guarantee payment toward a judgment and has narrow applicability. Kobak Cert., paras. 26 and 27.

Protective seeks to join the adversary proceeding and concur in the request for injunctive relief to allow an orderly analysis of existing claims and litigation. Following its review of claims, Protective may be in an excellent position to help establish

Hon. John K. Sherwood
In re New England Motor Freight, et al
April 12, 2019
Page 6

structures for claims disposition through settlement, mediation, or trial (in appropriate cases) with a balance between attention to those who suffered injury while recognizing potential impact on the Debtors' estate. However, Protective is not in a position to fully analyze the entire scope of claims or "jump into" existing litigation in state courts.

The injunction will also have the salutary purpose of maintaining an even playing field for all claimants.

For all of the foregoing reasons, Protective seeks leave to intervene in the Debtors' adversary proceeding with injunctive relief while actively participating in an organized overall structure to resolve claims.

Respectfully submitted,

ANDREW R. TURNER

ART:a